UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA WILLIAMS,<br>Class Representative, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:13-CV-2393 SNLJ |
| EMPLOYERS MUTUAL CAS. CO.,<br>et al., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

Before the Court is plaintiff's motion to remand this matter back to the Circuit Court for Lincoln County, Missouri (#34). The matter has been fully briefed and is now ripe for disposition.

Plaintiff Barbara Williams filed this action on October 18, 2013 as an "equitable garnishment action" under § 379.200 RSMo in the Circuit Court for Lincoln County, Missouri. Plaintiff ─ on behalf of a previously-certified class of similarly situated individuals ─ seeks to satisfy a judgment previously obtained by that same class of individuals in a separate state court action styled *Williams v. The Collier Organization, et al.*, No. 08L6-CC00042 (the "Original Lawsuit"). The Original Lawsuit was filed March 5, 2008 by former and current residents of the Autumn Hills Mobile Home Park, which was operated by defendant The Collier Organization ("Collier"). The plaintiffs sought damages for bodily injuries and property damages caused by drinking and using water in

the mobile home park that contained alpha particle radiation (and other contaminants). The state court certified the class in the Original Lawsuit on January 29, 2009. Collier sought indemnification from its corporate liability insurers, including Employers Mutual Casualty Company ("EMC"), Owners Insurance Company ("Owners"), and Capitol Indemnity Insurance Company ("Capitol"). All three insurers denied coverage and denied that they had any duty to defend under the policies. Collier executed an agreement under § 537.065 RSMo, in which the class agreed to limit any recovery against Collier to the proceeds of Collier's insurance policies. On August 28, 2013, entered judgment for the plaintiff class and found that the plaintiff class had been damaged in the total amount of $82,037,000, plus post-judgment interest.

On September 26, 2013, Owners filed a complaint in this District Court requesting a declaratory judgment that Owners did not have a duty to indemnify Colliers. *Owners Ins. Co. v. The Collier Org., Inc.*, No. 4:13cv1913 CEJ (E.D. Mo. Sept. 26, 2013). Plaintiff here filed the instant suit in state court on October 18, 2013, against insurer defendants EMC, Owners, and Capitol, as well as against Collier. Plaintiff also filed a motion to dismiss Owners' declaratory judgment action on the basis that it was a state law matter and duplicative of the pending garnishment action. In response, Owners voluntarily dismissed its case pending in federal court on November 13, 2013, but Owners subsequently removed the pending state court garnishment action to this Court on November 25, 2013.

Removal is based upon the Class Action Fairness Act ("CAFA"), which expanded federal diversity jurisdiction to confer jurisdiction over certified and putative class actions

where: (1) the class contains over 100 members; (2) minimal diversity exists between the parties, i.e., at least one member of a class of plaintiffs is a citizen of a state different from a defendant; and (3) the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1446(b), 1453. No one disputes that the three factors — numerosity, minimal diversity, and amount in controversy — are met here. Instead, plaintiff has moved to remand this matter back to state court because she says her case does not qualify as a "class action" under the statute.

The statute states that a "class action may be removed to a district court of the United States" so long as certain (in this case, conceded) jurisdictional requirements are met. *See* 28 U.S.C. § 1453(b). The statute further defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff asserts that removal under CAFA was improper because her Garnishment Action was not a "civil action filed under" either Rule 23 or a Missouri class action rule. She observes that her action does not seek to resolve any class certification requirements, nor will it address any class questions under either Rule 23 or Missouri's Rule 52.08 (the Missouri class action rule). Rather, her action was filed under § 379.200 RSMo, which provides for the collection of insurance by a judgment creditor.

Defendants' argument is, essentially, that a class action by any other name is still a class action. Plaintiff styles herself as proceeding as a class representative, and she alleges she is acting on behalf of the class of individuals certified in the Original Lawsuit.

3

Although the matter of class certification has already been decided, CAFA permits removal of a class action either before or after the entry of a class certification order. 28 U.S.C. § 1332(d)(8).

It appears that there is no on-point authority within the Eighth Circuit. Defendants rely on *Addison Automatics, Inc. v. Hartford Casualty Ins. Co.*, 731 F.3d 740 (7th Cir. 2013). *Addison*'s facts are remarkably similar to those here: plaintiff represented a class of plaintiffs in a state court class action against defendant Domino Plastics. Domino agreed to the entry of an $18 million judgment after class certification, but plaintiffs agreed to seek execution of the judgment against Domino's insurer, which had declined to defend Domino. So the class representative filed a separate lawsuit against the insurer in state court, which the insurer removed pursuant to CAFA. The district court granted the plaintiff's motion to remand, and the Seventh Circuit reversed. 731 F.3d at 745. The Seventh Circuit held that the action to collect insurance proceeds brought by the class representative was "in substance a class action." *Id.* at 741. The plaintiff had standing only in its capacity as a class representative, and its complaint sought a ruling on the insurer's duty to its insured on a claim the insured had assigned to the Class (as represented by the plaintiff and attorneys). *Id.* at 742. The Seventh Circuit cited *Sondel v. Northwest Airlines, Inc.*, 56 F.3d 934, 938-39 (8th Cir. 1995), and observed that class representatives owe continuing fiduciary duties to the class it represents, even in separate lawsuits. 731 F.3d at 742-43. Thus, plaintiff's argument that the insurance case was not brought under class action procedures was irrelevant because "the class has been and remains certified

4

pursuant to Illinois law, and [plaintiff] and its counsel are responsible for trying to obtain relief on the class's behalf under the very assignment [plaintiff] now wants to pursue for relief." *Id.* at 743-44. The Seventh Circuit therefore held that the plaintiff's subsequent suit could not be considered "in a vacuum," its substance was a "class action," and it was subject to removal under CAFA. *Id.*

Plaintiff here urges the Court to ignore *Addison Automatics* as wrongly decided.[1] Specifically, plaintiff urges the Court to consider 28 U.S.C. § 1332(d)(8), which plaintiff contends limits CAFA's removal jurisdiction to the action in which the class was certified. Section 1332(d)(8) states that "This subsection shall apply to *any class action* before or after the entry of a class certification order by the court *with respect to that action*." (Emphasis added.) Plaintiff's reliance on Section 1332(d)(8) is misplaced. Plaintiff insists that the final prepositional phrase "with respect to that action" requires that only one class action --- the one in which a class was or will be certified --- is subject to CAFA. It does not foreclose, however, what amounts to an extension of "that action."[2]

---

[1] Although the Eighth Circuit is not bound by another circuit's opinion, "a sister circuit's reasoned decision deserves great weight and precedential value." *Duluth, Winnipeg & Pac. Ry. Co. v. City of Orr*, 529 F.3d 794, 798 (8th Cir. 2008) (quoting *United States v. Auginash*, 266 F.3d 781, 784 (8th Cir. 2011).

[2] Plaintiff also points out that the plaintiff in *Addison* filed as an individual rather than as a class representative, apparently in an effort to avoid CAFA removal. That, plaintiff posits, is the reason for the improper decision. But the outcome is the same either way --- plaintiff *is* the class representative, whether pleaded (as here) or not (as in *Addison*). The difference between the two cases is that plaintiff here has not attempted to pursue litigation as an individual (something she clearly cannot do anyway).

Plaintiff's narrow reading of the statute also stands in stark contrast to the legislative history. The Eighth Circuit --- in determining that Arkansas's "illegal-exaction rule" was "effectively" a class action --- cited CAFA's legislative history and observed that,

> In passing CAFA, Congress emphasized that the term "class action"' should be "interpreted liberally." S. Rep. No. 109-14, at 35 (2005) *reprinted in* 2005 U.S.C.C.A.N. 3, 34. "Its application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff for the state rulemaking authority. Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions." *Id.*

*Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 931 n.6 (8th Cir. 2013). Although *Brown* did not address the specific question presented here, the relied-upon legislative history supports the result in *Addison Automatics*. Plaintiff's lawsuit (like the plaintiff in *Addison*) seeks to recover for the class, and it undoubtedly "resembles" a class action and thus should be considered as such for the purpose of CAFA. As in the *Brown* case, the Court must look beyond labels to determine whether the matter is subject to CAFA. 738 F.3d at 931. The fact that the Garnishment Action does not cite to class action procedures or rules is irrelevant --- plaintiff seeks to proceed on behalf of a certified class, which necessarily implies application of procedural rules that certified the class (and authorized plaintiff to act on behalf of that class) in the first place.

Thus, the Court must deny plaintiff's motion to remand. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#34) is **DENIED**.

Dated this   8th   day of April, 2014.

                                                                        _____
                                                                        STEPHEN N. LIMBAUGH, JR.
                                                                        UNITED STATES DISTRICT JUDGE