UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA WILLIAMS, | |
| Plaintiff, | No. 4:13-CV-2393 RLW |
| v. | |
| EMPLOYERS MUTUAL CASUALTY COMPANY, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion to Remand and Alternative Rule 60(b) Motion (ECF No. 113). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

## BACKGROUND

On October 18, 2013, Plaintiff Barbara Williams, as "the class representative of ... residents who lived in the Autumn Hills Mobile Home Park," filed an "equitable garnishment

action" under §379.200 R.S. Mo. in the Circuit Court for Lincoln County, Missouri. Thereafter, Defendant insurers filed notices of removal to this Court, explicitly relying on the Class Action Fairness Act ("CAFA"). Defendant insurers argued CAFA jurisdiction was satisfied because the amount in controversy exceeded $5 million, the size of the class exceeded 100 members, and the diversity requirement of the statute (any member of the class is a citizen of a state different from any defendant) was met. On December 24 2013, Plaintiff first filed her motion to remand, arguing that this case was not a "class action" under CAFA. On April 8, 2014, the Honorable Stephen N. Limbaugh denied Plaintiff's motion to remand. On or around April 18, 2014, Plaintiff filed an appeal under 28 U.S.C. §1453(c)(1) of the district court's denial of the motion of remand. On May 8, 2014, the Eighth Circuit denied the petition for permission to appeal pursuant to 28 U.S.C. §1453(c). Plaintiff's motion seeks to revisit Judge Limbaugh's Memorandum and Order.

## DISCUSSION

Plaintiff argues that Judge Limbaugh's decision, denying Plaintiff's Motion to Remand, was "manifest error" and "improperly expand[ed] the jurisdiction of the Court." (ECF No. 114 at 2). Plaintiff maintains that she seeks to "re-address these erroneously decided jurisdictional issues *and to raise the new circumstances identified below* so the Court may address its limited jurisdiction." (ECF No. 114 at 2) (emphasis in original). Plaintiff asserts that "this removed garnishment action in fact had none of the qualities or procedures of a class action---and certainly did not arise under the class action rules." (ECF No. 114 at 4).

Defendant insurers assert that Plaintiff has not provided any basis for challenging the Court's prior order. (ECF No. 117 at 6-8). Defendant insurers maintain that Plaintiff offers the Court no argument or facts that she did not already present in her original motion to remand.

Further, Defendants insurers claim that the mere fact that this case could be resolved without addressing "class issues" does not mean that it was not a class action under CAFA to begin with. (ECF No. 117 at 11).

The "new circumstances" cited by Plaintiff appear to be the continued litigation of the case and the Court's ruling on Defendants' Motions for Judgment on the Pleadings. As an initial matter, the Court believes that these circumstances are insufficient to justify the Court re-addressing the Court's prior ruling. Further, the Court finds that the mere fact that the Court did not have to analyze class issues does not mean that this case is not a class action under CAFA. Plaintiff emphasizes that the Court did not address any class issues when it granted Defendants' Motions for Judgment on the Pleadings because the Defendant insurers' policies did not provide coverage. To the contrary, the Court denied Plaintiff's efforts, through class counsel, to obtain a judgment in favor of the class. This Court holds that action clearly implicated class issues and, therefore, "resembles" a class action such that this case must be considered a "class action" for purposes of federal jurisdiction under CAFA. *See Brown v. Mortgage Elec. Registration Sys., Inc.*, 738 F.3d 926, 931, n.6 (8th Cir. 2013) ("lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions") (citation omitted); *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013) (action to recover insurance proceeds by a class representative was "in substance a class action and was properly removed to federal court" under CAFA). Therefore, the Court denies Plaintiff's Renewed Motion to Remand and Alternative Rule 60(b) Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion to Remand and Alternative Rule 60(b) Motion (ECF No. 113) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Employers Mutual Casualty Company's Notice of Joinder In and Adoption of Co-Defendants' Opposition Briefs to Plaintiff's Renewed Motion to Remand (ECF No. 119) is **GRANTED**.

Dated this 28th day of July, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**