# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARBARA WILLIAMS, Class Representative, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EMPLOYERS MUTUAL CASUALTY, ) <br> COMPANY, et al. ) <br> ) <br> Defendants. ) <br> ) | Case No. 4:13-CV-2393 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant The Collier Organization, Inc. (ECF No. 134), Defendant The Collier Organization's Motion to Set Aside Entry of Default (ECF No. 136), and Defendant The Collier Organization's Motion to Dismiss (ECF No. 137). The time for filing any additional responses has run and these matters are fully briefed. *See* E.D.Mo. L.R. 4.01.

## DISCUSSION

### I. Motion for Default Judgment and Motion to Set Aside Entry of Default Judgment

Plaintiff moved for default judgment on September 4, 2015 because The Colliers Organization, Inc. ("Colliers") failed to timely answer or otherwise respond after being served. (ECF No. 134). On September 17, 2015, Colliers moved to set aside the Clerk's entry of default, claiming that the Clerk had no authority under Rule 55(a) to enter a default. (ECF No. 136). Colliers contends that Plaintiff has not alleged and is not seeking a judgment or affirmative relief against Colliers and, therefore, a Clerk's entry of default was improper.

As discussed in the next section, the Court disagrees with Collier's contention that it is improperly named in this lawsuit and that the Clerk had no authority under Rule 55(a) to enter a default. Nevertheless, the Court denies the Motion for Default Judgment and grants the Motion to Set Aside Entry of Default Judgment because Colliers has entered its appearance in this action and litigating this case.

## II. Defendant The Collier Organization's Motion to Dismiss

In its Motion to Dismiss, Colliers states that Plaintiff and Colliers previously adjudicated claims in a lawsuit in the Circuit Court of Lincoln County, Missouri, case number 08L6-CC00042, which resulted in a judgment against Colliers. Plaintiff then filed this equitable garnishment action in the Circuit Court of Lincoln County, Missouri, case number 13L6-CC00131, which was removed to this Court.

Colliers argues that, although the Complaint lists Colliers as a defendant in the lawsuit, Plaintiff alleges no claims or facts against Colliers. (ECF No. 137). Colliers notes that Plaintiff is not seeking a judgment against Colliers. Colliers further maintains that, even if any alleged facts could be interpreted as claims, then they would be barred by either claim or issue preclusion based upon the prior state court proceeding, 08L6-CC00042.

In response, Plaintiff asserts that Colliers is a nominal but necessary party under Missouri's equitable garnishment statute. Mo. Rev. Stat. §379.200.[1] (ECF No. 138 (citing *Bowen v. Atl.*

---

[1] Mo. Rev. Stat. §379.200 provides, "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied

2

*Cas. Ins. Co.*, No. 413-CV-1919JAR, 2013 WL 6159455, at *3 (E.D. Mo. Nov. 25, 2013)). Plaintiff also states that she opposes Collier's Motion to Dismiss on the same grounds and for the same reasons she previously opposed the Motions for Judgment on the Pleadings filed by the insurance company defendants. (ECF No. 138).

Under relevant and applicable Eighth Circuit and Eastern District of Missouri precedent, as well as the clear language of § 379.200, the Court finds that Colliers is a necessary party to this action. *See Demann v. Liberty Mut. Fire Ins. Co.*, No. 4:12CV00990 ERW, 2012 WL 3939827, at *2 (E.D. Mo. Sept. 10, 2012) ("The statute requires that the plaintiff 'proceed in equity against the defendant *and* the insurance company.'"); *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993) (affirming dismissal of the complaint where there was no diversity jurisdiction based upon the presence of the judgment debtor); *Kendall v. N. Assur. Co. of Am.*, No. 09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009) (finding no complete diversity of the parties because of the presence of the judgment debtor); *Fleming v. Liberty Surplus Ins. Corp.*, 4:12–CV–1478 CDP, 2012 WL 6200526, at *2 (E.D. Mo. Dec. 12, 2012)(the "statutory text [of § 379.200] requires joinder of the insured as a defendant"); *Bowen*, 2013 WL 6159455, at *3 (E.D. Mo. Nov. 25, 2013); Complaint, ECF No. 8, ¶51 ("Pursuant to §379.200, R.S.Mo., Plaintiffs are judgment creditors of Collier, an insured under each of the CGL Policies, as a result of the Final Judgment entered against it on August 28, 2013 for damages by reason of Plaintiffs having sustained and proved 'bodily injury' and 'property damage.'"). Further, the Court notes that Plaintiff has alleged that "Collier, the insured, under the above-referenced CGL Policies, is now legally obligated to pay as damages the total amount

---

within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. This section shall not apply to any insurance company in liquidation."

3

of $82,037,000, plus post-judgment interest at the maximum statutory rate, to the Class." (Complaint, ECF No. 8, ¶50). The Court finds that Plaintiff seeks relief against Colliers based upon this "legal obligation." Therefore, the Court denies Collier's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment Against Defendant The Collier Organization, Inc. (ECF No. 134) is **DENIED** and Defendant The Collier Organization's Motion to Set Aside Entry of Default (ECF No. 136) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant The Collier Organization's Motion to Dismiss (ECF No. 137) is **DENIED**.

Dated this 8th day of October, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

4